## EVERGLADES SUGAR & LAND CO. v. QUINTON.

Circuit Court of Appeals, Eighth Circuit.
December 5, 1927.

No. 7771.

Equity ☞430(1)—Complainant, taking no action for more than two years after counsel's death, held barred by laches from having decree against it reopened.

Complainant, a corporation, which was complainant in a pending suit when its attorney having the case in charge died, but took no steps to employ other counsel or ascertain the condition of the case until more than two years later, and after decree had been rendered against it on a cross-bill, held barred by negligence and laches from the right to have the case reopened.

Appeal from the District Court of the United States for the District of Utah; Tillman D. Johnson, Judge.

Suit in equity by the Everglades Sugar & Land Company against Alfred B. Quinton.

From a decree dismissing the bill, complainant appeals. Affirmed.

Dean F. Brayton and E. A. Walton, both of Salt Lake City, Utah (Frank B. Stephens and William J. Lowe, both of Salt Lake City, Utah, on the brief), for appellant.

I. V. McPherson, of Washington, D. C., and George N. Lawrence, of Salt Lake City, Utah, for appellee.

Before LEWIS, Circuit Judge, and POLLOCK and SCOTT, District Judges.

SCOTT, District Judge. The appellant, Everglades Sugar & Land Company, plaintiff below, filed its bill in equity to vacate and stay proceedings under a judgment and decree of the District Court of the United States for the District of Utah, entered September 6, 1923, in a cause then pending wherein appellant was complainant and appellee and others were defendants, being equity No. 4882, said judgment having been rendered upon the cross-bill of appellee; the reason and grounds for relief prayed being based upon the alleged excusable neglect, mistake, and inadvertence of appellant, and the fact that said judgment and decree was taken because of accident and surprise, which ordinary prudence could not guard against. The bill in substance alleges:

That during the year 1915, and up to the spring of 1921, one Vallette was counsel for appellant and had charge of all its legal matters, including the prosecution of said suit, equity No. 4882. That said Vallette died in the spring of 1921. That prior to the death of Vallette appellant had been advised by him that it was necessary to institute said suit. That appellant had been advised of the commencement thereof and of its progress. That Vallette at one time advised appellant that Quinton, party defendant therein, and the appellee herein, was asserting in said suit certain claims to which appellant had a valid and sufficient defense, which defense was set up in its answer to the cross-bill of Quinton. That thereafter Vallette advised appellant that the claim of Quinton had been disposed of, either by withdrawal or agreement, and that thereafter appellant, its officers and agents, believed and were of opinion that appellant was the sole aggressor in said suit, and that Quinton's claim had been settled and fully disposed of. That appellant had likewise been informed by Vallette during his lifetime that he had associated with him in the prosecution of said suit Frank B. Stephens, of Salt Lake City, Utah, and since the handling of all matters in connection with said suit was in the hands of Vallette, and he was engaged in handling the case upon a contingent fee, the appellant believed that some satisfactory arrangement had been made between Vallette and Stephens, whereby Stephens would collaborate with Vallette in representing the interests of appellant in said litigation. That appellant had full confidence in Vallette and relied upon him to handle said case. That after Vallette's death appellant believing that Stephens had been retained by Vallette, and that arrangements had been made for his services as to compensation therefor, and, believing that the interests of appellant after the death of Vallette would be properly attended to by Stephens, neither the appellant nor its officers gave further active consideration, nor took further action in the prosecution and handling of said case, nor in the employment of other or additional counsel therein.

That thereafter, and on or about the 15th of March, 1922, appellant received a letter from said Stephens requesting information as to the action which the appellant desired to take in connection with said case, and on or about the 17th of March, 1922, the complainant wrote Stephens, requesting that he advise fully concerning the case and give recommendations as to further action. That appellant received no reply to its letter, although appellant is now advised and informed that said Stephens did reply thereto. That appellant attached no particular significance to the failure to hear from Stephens, for it believed that any interest or claim which Quinton had asserted had been settled and disposed of, and that appellant was the party in said suit upon whom the burden devolved of taking active steps, and believed that arrangements for the prosecution of the suit had been made by Vallette with Stephens.

It is further alleged in substance: That appellant is now informed that Vallette had made no arrangements with Stephens to prosecute said action, and that Stephens was engaged by Vallette merely as local counsel for the service and filing of papers, and without any authority to prosecute said action. That appellant is likewise informed that said case was set by the court on or about the 4th day of August, 1923, for hearing on September 5, 1923, and that about the 4th of August, 1923, said Stephens not having received any instruction from appellant, on or about the date last mentioned had withdrawn from the case as attorney, and served notice of his withdrawal upon the several attorneys of record and mailed a copy to appellant. And thereafter, about the 5th of September, 1923,

at a hearing judgment was rendered in favor of Quinton and against appellant in the sum of $14,625. That appellant had no knowledge of the rendition of said judgment until the month of January, 1925. Appellant in its appeal further alleges that it had no knowledge of said Stephens' withdrawal until the month of January, 1925, and that it had no intention to abandon the suit. Other allegations of diligence after such notice of the rendition of said judgment, are set forth.

Defendant answered the appellant's bill, pleading laches, neglect, and the abandonment of the original suit, No. 4882, by the appellant.

In due time the case was tried, and upon the record the trial court found: That the appellant was not justified in assuming that the cross-complaint of Quinton had either been disposed of or dismissed. That appellant knew that Vallette was handling the case upon a contingent fee, and that Stephens had been employed by Vallette upon the understanding that he would look to Vallette for his compensation. The trial court then added:

"It may be conceded that this understanding and belief were justified during Mr. Vallette's lifetime, but on his death the company and its officers knew that Mr. Vallette could no longer prosecute the action, and knew that the arrangement of the company with him with respect to his services in the case upon the basis of a contingent fee had terminated. The company, as it knew, had no understanding of any sort with Mr. Stephens. The company had not employed him, and could rightfully and probably would have repudiated any claim upon the part of Mr. Stephens for compensation from it. Still Mr. Helm, the president and managing agent of the company, although Mr. Vallette was dead, took no action to get into communication with Mr. Stephens and make arrangements for him to proceed with the case, either on a contingent fee basis or otherwise."

The trial court then proceeds to point out that, about a year after Vallette's death, Stephens took the initiative and wrote a letter to the appellant, suggesting that the matter was still on the calendar, and asking for instructions as to its disposition; that appellant replied to this letter in a noncommittal way, asking for further advice; that Stephens replied, giving additional information and advice; and that to this last letter the appellant never responded. The trial court found in substance in its opinion that Mr. Stephens was justified in withdrawing from the suit; that "the company, during the period of more than two years which elapsed from the death

of Mr. Vallette in the spring of 1921, until the trial of the original case in September, 1923, did nothing to inform itself as to the condition of the suit, except to write the one letter dated March 17, 1922. In fact, as the record shows, except this one letter, no attention was given this suit until in 1925 and after the company had notice of the Quinton judgment." "Under the facts presented, I am of the opinion that the company was grossly negligent in failing to employ counsel within a reasonable time after the death of Mr. Vallette in the spring of 1921."

Having so found, the trial court dismissed the bill, and from the judgment of dismissal this appeal is taken.

After a careful reading of the record in this case, we are fully convinced that the findings and conclusions of the trial court have abundant support in the record. It is indisputable that the appellant was grossly negligent in the matter of retaining counsel after the death of Vallette and in apparently utterly ignoring the pendency of the suit.

The trial court was fully justified in the circumstances in its dismissal of the bill, and its judgment is affirmed.